UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 16-CV-20055-MARTINEZ/GOODMAN

ANDRES GOMEZ, etc.,

    Plaintiff,

v.

LA GRANJA SERVICES CORP.
d/b/a LA GRANJA RESTAURANTS,

    Defendant.
_____/

**DEFENDANT'S MOTION TO ABATE OR DISMISS COMPLAINT,
AND INCORPORATED MEMORANDUM OF LAW**

Defendant, LA GRANJA SERVICES CORP. d/b/a LA GRANJA RESTAURANTS ("Defendant" or "La Granja"), pursuant to Rule 12(b), Fed.R.Civ.P., moves the Court to enter an order abating or dismissing without prejudice the Plaintiff's Original Complaint [D.E. # 1], on the grounds stated below.

Plaintiff has filed a two-count Complaint. Count I alleges that an online website maintained by Defendant is a "place of public accommodation" and is not accessible to visually impaired individuals in violation of Title III of the Americans with Disabilities Act. Count II makes an identical claim but under the Florida Civil Rights Act, although Plaintiff has not exhausted his administrative remedies before bringing this claim to court, as required by the Act.

## I. RELIEF SOUGHT

Defendant requests that this Court enter an order abating or dismissing this action without prejudice until the Plaintiff, ANDRES GOMEZ, has exhausted all applicable administrative remedies as set out in the Florida Civil Rights Act.

## II. FACTS AS ALLEGED

This is a civil rights action brought pursuant to Title III of the Americans with Disabilities Act of 1990 ("ADA"), and Florida Statute §760 under the Florida Civil Rights Act ("FCRA").

Title III of the ADA provides the following in relevant part:

> "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 1282(a)

Section §760 of the Florida Civil Rights Act, which was enacted after the ADA, provides very similar protections:

> "Any violation of any Florida statute making unlawful discrimination because of …**handicap**… in the areas of education, employment, housing, or public accommodations gives rise to a cause of action…" [*bolding supplied*].

Plaintiff, ANDRES GOMEZ, who describes himself as being legally blind, brings this action on his own behalf, and on behalf of all other individuals similarly situated, alleging that LA GRANJA committed violations of the above federal and state statutes against individuals with disabilities who are visually impaired, and who cannot access and comprehend the Internet and the website that LA GRANJA operates.

The Plaintiff specifically alleges that on December 3, 2015, he tried to use LA GRANJA's website and discovered that it lacked screen reader software or other means to accommodate the visually impaired, and did not interface with user-operated screen reader software in order that the visually impaired may comprehend the website.

The Plaintiff's Complaint, however, fails to state that the applicable administrative remedies have been exhausted before this lawsuit was commenced, as required by law.

Consequently, this action should be abated or dismissed without prejudice pending the Plaintiff's exhaustion of the remedies set out in the Florida Civil Rights Act.

### III. MEMORANDUM OF LAW IN SUPPORT OF MOTION

Section 760.07 of the Florida Civil Rights Act clearly indicates that administrative remedies must be exhausted as a condition precedent to bringing an action under it, and provides in relevant part:

> "Any violation of any Florida statute making unlawful discrimination because of…handicap…in the areas of…public accommodations give rise to a cause of action…the **action** for equitable relief and damages provided for in this section **may be initiated only after the plaintiff has exhausted his or her administrative remedy**…" [*bolding supplied*].

Additionally, Section 760.11, Administrative and civil remedies, provides:

> "Any person aggrieved by a violation of ss. 760.01-760.10 may file a complaint with the commission within 365 days of the alleged violation…"

The U.S. Supreme Court in *Woodford v. NGO*, 548 U.S. 81, 88-89 (2006), held that the doctrine of exhaustion of administrative remedies provides that:

> "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted…[as] exhaustion protects 'administrative agency authority'…discourages disregard of the agency's procedures…promotes efficiency [as] claims

> generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court…and even where a controversy survives administrative review, exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration."

Florida courts have clearly and consistently held that to maintain a cause of action under the Florida Civil Rights Act a litigant must first exhaust all administrative remedies. In the Florida Supreme Court case of *Joshua v. City of Gainesville*, 768 So.2d 432, 436 (Fla. 2000), the Court held that the Florida Civil Rights Act makes clear that the Legislature wanted aggrieved persons to *first* avail themselves of the remedies provided by the Florida Commission on Human Relations prior to commencing a court action. The Court held that the entire statutory scheme of the Florida Civil Rights Act favors exhaustion of administrative remedies prior to court action. *Id*. In *Thompson v. Orange Lake Country Club, Inc.*, 224 F.Supp. 2d 1368, 1375 (M.D. Fla. 2002), the court held that in order to maintain an action under the FCRA, a claimant must first exhaust all available administrative remedies. Similarly in *Williams v. Eckerd Family Youth Alternative*, 908 F.Supp. 908, 910 (M.D. Fla. 1995), the court held that in order to maintain an action under the FCRA, the claimant must first file a claim with the Florida Commission on Human Relations.

Actions brought under the FCRA which fail to allege an exhaustion of administrative remedies are routinely dismissed by the courts. *See, e.g., Gillis v. Sports Authority, Inc.*, 123 F. Supp. 2d 611, 615 (S.D. Fla. 2000); *Cunningham v. Pinellas County Sheriff's Dept.*, 2000 WL 641601 (M.D. Fla. 2000); *Ali v. City of Clearwater*, 807 F.Supp. 701, 706 (M.D. Fla. 1992).

In this action, the Plaintiff's Complaint has failed to allege that he has exhausted all administrative remedies required by the FCRA. The Plaintiff alleges that he suffered a civil rights violation on December 3, 2015, but there is no allegation that the Plaintiff ever filed a claim with the Florida Commission on Human Relations. As expressed in the U.S. Supreme Court decision in *Woodford*, the policy rationale for first bringing an action to the applicable administrative agency is to reduce the cost of litigation, and to achieve more economical resolutions of disputes. Here, the Plaintiff waited barely over one month after the alleged violation of his rights before filing this action, while failing to adhere to the applicable administrative remedies required by law. As such, the Plaintiff's Complaint should be dismissed.

The Eleventh Circuit in *Bryant v. Rich*, 530 F.3d 1368 (2008), affirmed a lower court's decision to dismiss without prejudice a claimant's action due to a failure to exhaust the required applicable administrative remedies before filing suit. In *Bryant* the court found that the Prisoner Litigation Reform Act required an exhaustion of administrative remedies due to the following language found within the statute: "No action shall be brought with respect to prison conditions…until such administrative remedies as are available are exhausted." Similarly, the Florida Civil Rights Act contains the language "the action for equitable relief and damages provided for in this section may be initiated **only** after the plaintiff has exhausted his or her administrative remedy." §760.07, Florida Civil Rights Act. [*bolding supplied*].[1]

---

[1] The Eleventh Circuit noted in *Bryant v. Rich*, 530 F.3d at 1375-75, that while motions to dismiss for failure to exhaust administrative remedies are not expressly mentioned in Rule 12(b), Fed.R.Civ.P., that "is not unusual or problematic." Federal courts "traditionally have entertained certain pre-answer motions that are not expressly provided for by the rules.'" (citing *Ritza v. International Longshoremen's and Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988). (cont'd)

Denying a party's Motion to Dismiss a claim under the Florida Civil Rights Act for failure to exhaust administrative remedies provides certiorari jurisdiction for an appellate court, due to statutory pre-suit requirement not having been met. *University of Central Florida Board of Trustees v. Turkiewicz*, 21 So.3d 141, 144 (Fla. 5th DCA 2009). In *Turkiewicz,* the court held that the Florida Civil Rights Act requires claimants bringing actions under its provisions to first seek relief from the Florida Commission on Human Relations before filing a civil action. *Id*. at 142, 145. The court held that statutes requiring pre-suit notice and screening couldn't be meaningfully enforced post-judgment, as the purpose of the pre-suit procedures is to avoid the filling of the lawsuit in the first place. *Id*. at 145.

Under primary jurisdiction a court of competent jurisdiction may dismiss or abate an action pending a resolution of some portion of the claims by an administrative agency. *Abels v. JPMorgan Chase Bank, N.A.*, 678 F.Supp.2d 1273, 1277 (S.D. Fla. 2009). Courts' adherence to the primary jurisdiction doctrine is intended to first allow an administrative agency to handle the issues within its special competence. *Id*.

Additionally as held in *Bondhus v. Henry Schein, Inc.*, 2015 WL 1968841 (S.D. 2015), United States District Courts may exercise discretion in controlling the trial docket

---

(fn 1 cont'd) For instance, courts may decide motions to dismiss that are "closely related to the management of the lawsuit and might generally be characterized as involving matters of judicial administration.'" *Id.; see, e.g., Int'l Ass'n of Entrepreneurs of Am. v. Angoff,* 58 F.3d 1266, 1271 (8th Cir.1995) ("While pre-answer motions are ostensibly enumerated in Fed.R.Civ.P. 12(b), district courts have the discretion to recognize additional pre-answer motions, including motions to stay cases within federal jurisdiction when a parallel state action is pending."). "We regard exhaustion of administrative remedies as a matter of judicial administration …Even though a failure-to-exhaust defense is non-jurisdictional, it is like a defense for lack of jurisdiction in one important sense: Exhaustion of administrative remedies is a 'matter[] in abatement, and ordinarily [does] not deal with the merits'." Accordingly, the Eleventh Circuit held that exhaustion should be decided on a Rule 12(b) motion to dismiss.

by granting a stay, which "promotes judicial economy, reduces confusion and prejudice, and prevents possible inconsistent resolutions." *Id*. at 4.

## IV. CONCLUSION

In this case, the Florida Commission on Human Relations is required under the FCRA to first hear the Plaintiff's state law claim before he comes to this court.

Additionally, the Florida Civil Rights Act is construed in conformity with the ADA. *See, e.g.*, *Martin* v. *Estero Fire Rescue*, 2014 WL 2772339 (M.D. Fla. 2014); *Albra* v. *Advan, Inc.*, 490 F.3d 826, 835, (11th Cir. 2007); *Byrd* v. *BT Foods, Inc.*, 948 So.2d 921, 925 (Fla. 4th DCA 2007). As such, analysis of FCRA claims is identical to analysis of ADA claims, and federal case law interpreting the ADA is applicable to claims arising under the FCRA. *See, e.g., Martin v. Estero Fire Rescue*, 2014 WL 2772339 (M.D. Fla. 2014); *Reis v. Universal City Development Partners, Ltd.*, 442 F.Supp. 2d 1238, 1243 (M.D. Fla. 2006). "Because Florida courts construe the FCRA in conformity with the ADA, a disability discrimination cause of action is analyzed under the ADA." *Wimberly* v. *Securities Technology Group, Inc.*, 866 So.2d 146, 147 (Fla. 4th DCA 2004); *accord*, *Lenard* v. *A.L.P.H.A.*, 945 So.2d 618, 621 (Fla. 2d DCA 2006), *Greene v. Seminole Elec. Co-op., Inc.*, 701 So.2d 646, 647 (Fla. 5th DCA 1997).

Based on the foregoing authorities, as the Plaintiff's state and Title III claims rely on identical facts, the analysis provided by the Florida Commission on Human Relations will be applicable to both claims. Thus when this matter is heard first by the Commission, an invaluable investigation record and findings of facts would be created, which may later be used by this Court when assessing the Plaintiff's Title III ADA claim.

As such, this action should be abated or dismissed without prejudice pending the investigation and determinations required to be made by the Florida Commission on Human Relations. Such a result would conform to the policy rationales of prior appellate court decisions, and would promote judicial economy, reduce litigation costs, and prevent inconsistent resolutions from occurring. Such inefficiencies would result if this Court decided Plaintiff's Title III ADA claim, and simultaneously the Florida Commission on Human Relations were to make a contrary determination on Plaintiff's state law claim.

WHEREFORE, Defendant LA GRANJA SERVICES CORP. d/b/a LA GRANJA RESTAURANTS, respectfully requests that this Court enter an Order abating or dismissing without prejudice the Plaintiff's Complaint, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

Pedro Luis DeMahy, Esq.
FLORIDA BAR NUMBER 241822
Email: pdemahy@dldlawyers.com
Angel Castillo, Jr.
FLORIDA BAR NUMBER 273465
Email: acastillo@dldlawyers.com
DLD LAWYERS
DEMAHY LABRADOR & DRAKE, P.A.
*Attorneys for Defendant*
150 Alhambra Circle, PH
Coral Gables, Florida 33134
Tel. 305-443-4850
Fax 305-443-5960


s/  Pedro Luis DeMahy, Esq.
     Pedro Luis DeMahy, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of February, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                s/ Angel Castillo, Jr.
                                                                  Angel Castillo, Jr.

## SERVICE LIST

**ANDRES GOMEZ v. LA GRANJA SERVICES CORP.**
**Case No. 16-CV-20055**
**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA**

Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
Counsel for Plaintiff
4200 N.W. 7th Avenue
Miami, Florida 33127
Email: inbox@dininlaw.com
*Via CM/ECF*

Pedro Luis DeMahy, Esq.
Email: pdemahy@dldlawyers.com
Angel Castillo, Jr., Esq.
Email: acastillo@dldlawyers.com
DLD LAWYERS
DEMAHY LABRADOR & DRAKE, P.A.
Attorneys for Defendant
150 Alhambra Circle, PH
Coral Gables, Florida 33134
*Via CM/ECF*